NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID A. KESTER, on behalf of himself and all others similarly situated, | No.    19-17109 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00365-DLR |
| v. | MEMORANDUM[*] |
| CITIMORTGAGE INC.; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted February 3, 2021[**]
Phoenix, Arizona

Before:  W. FLETCHER, MILLER, and HUNSAKER, Circuit Judges.

This case comes before the court for the second time. Appellant David Kester

sued Appellees CitiMortgage, Inc. and CR Title Services, Inc. (Defendants),

asserting a single claim under Arizona's wrongful recording statute, A.R.S. § 33-

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

420(A). Kester appeals from the district court's order granting summary judgment in Defendants' favor. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's grant of summary judgment de novo. *L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Viewing the evidence in the light most favorable to Kester, we conclude that there is no genuine issue of material fact establishing that Defendants knew or should have known that Kristen Lindner's notary commission was revoked when the trustee documents were recorded. *See* A.R.S. § 33-420(A) (imposing liability for recording a document asserting a "claim [of] interest in" real property when the person "know[s] or ha[s] reason to know*" the document is invalid); *see also* A.R.S. § 33-401(B) ("Every deed or conveyance of real property must be signed by the grantor and must be duly acknowledged before some officer authorized to take acknowledgments.").

First, it is undisputed that neither Defendants nor Lindner received the December 6, 2010, letter stating that Lindner's notary commission was revoked. Kester has also not identified any specific facts in his expert witness's report or deposition that establishes an industry standard that required Defendants to verify Lindner's notary commission with the secretary of state more often than once a

2

month. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (explaining that when the moving party demonstrates an absence of a genuine issue of material fact, "the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial."). Even if Defendants had followed a once-a-month standard, they would not necessarily have known that Lindner's commission was revoked just eleven days before they recorded the documents at issue.

Second, Defendants' knowledge of the allegations in the complaint filed against Lindner is insufficient to create a genuine issue of material fact. Even assuming that revocation of Lindner's notary credentials was likely, Defendants had no reason to know that her commission was revoked *when* Defendants recorded the documents. This is dispositive because under Arizona law, a notary is authorized to perform notary duties "until . . . the secretary of state revokes the commission." A.R.S. § 41-312(D). Defendants were not obligated to stop using Lindner for notary services pending resolution of the complaint filed against her. Additionally, Lindner's knowledge of the complaint filed against her is likewise insufficient to create a genuine issue of material fact under a respondeat superior theory for the same reasons that Defendants' knowledge of the complaint was insufficient. Accordingly, the district court did not err in granting summary judgment in favor of the Defendants.

**AFFIRMED.** [1]

---

[1] Kester's motion to take judicial notice [Dkt. 21] is **GRANTED**.